ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/11/23

## MEMORANDUM ENDORSEMENT

State of New York ex rel. Christopher Deubert v. Jason Levien,
23 Civ. 3261 (LLS)

On April 19, 2023, Defendant Jason Levien filed a notice of removal of this case from the Supreme Court of the State of New York, County of New York, to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). On July 27, 2023, Plaintiff-Relator Christopher Deubert brought this motion to remand and seeks attorney's fees. For the following reasons, the motion is granted in part and denied in part.

Diversity jurisdiction "requires complete diversity between all plaintiffs and defendants." Pampillonia v. RJR Nabisco Inc., 138 F.3d 459, 460 (2d Cir. 1998). § 1332(a) requires courts "to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 174 (2014). In cases involving a State, the Supreme Court has "inquired into the real party in interest because a State's presence as a party will destroy complete diversity." Id. Real party in interest "is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another." United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934–35 (2009). In cases brought under the federal False Claims Act, the United States is a real party in interest, even where the government declines to intervene. Id. The New York False Claims Act ("NYFCA") "mirrors the federal FCA, and New York courts look to federal law to interpret the state statute." United States ex rel. Pelullo v. Am. Int'l Grp., Inc., 757 F. App'x. 15, 17 (2d Cir. 2018) (summary order), as amended (Jan. 7, 2019); see also Weiner v. City of New York, 190 A.D.3d 517, 518 (1st Dep't 2021) ("Since the NYFCA is modeled after its federal counterpart, it is appropriate to look to federal jurisprudence for guidance.").

Here, New York is a real party in interest with a substantive right in the outcome of the case, as it concerns Defendant's alleged failure to pay state taxes. Plaintiff-Relator's Memorandum at 5 (Dkt. No. 11). As a result, complete diversity does not exist. Nor is there federal question jurisdiction under 28 U.S.C. § 1331. Levien's only reference to a federal question is Plaintiff-Relator's allegation that he listed the wrong address on his federal tax returns. Defendant's

Opposition Memorandum at 7 (Dkt. No. 16). This is a factual assertion that does not raise "substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Therefore, this case is remanded to the Supreme Court of the State of New York, County of New York.

Plaintiff-Relator also requests attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Accordingly, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order) (quoting Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir.2007)). "District court decisions, let alone conflicting district court decisions, do not render the law clearly established." Id.

While the cases cited above are sufficient to resolve the question of remand, there is no Supreme Court or Second Circuit precedent directly discussing diversity jurisdiction in NYFCA cases. The closest analogue is a case in this District, United States ex rel. Mohajer v. Omnicare, Inc., 525 F. Supp.3d 447, 462 (S.D.N.Y. 2021), dismissing state qui tam claims for lack of jurisdiction. However, Defendant has identified another case in this District, New York ex rel. Khurana v. Spherion Corp., No. 15-cv-6605, 2016 WL 6652735 (S.D.N.Y. Nov. 10, 2016), which did not dismiss state qui tam claims for lack of jurisdiction (though it did not discuss jurisdiction at all). This is insufficient to render the law clearly established. As a result, Defendant's "use of removal procedures fell just shy of the line that separates a particularly weak legal argument from an objectively unreasonable position." Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12 CIV. 5557, 2013 WL 1234958, at *12 (S.D.N.Y. Mar. 26, 2013). Therefore, Plaintiff-Relator's request for attorney's fees is denied.

So ordered.

Dated:   New York, New York
         October 11, 2023

                              Louis L. Stanton
                              ———————————————————
                              LOUIS L. STANTON
                              U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# MEMO ENDORSED

STATE OF NEW YORK EX REL
CHRISTOPHER DEUBERT,

Plaintiff–Relator,

v.

No. 23-cv-03261

JASON LEVIEN,

Defendant.

## NOTICE OF MOTION TO REMAND

PLEASE TAKE NOTICE that, upon the accompanying memorandum of law in

support of this motion, Plaintiff-Relator Christopher Deubert will move this Court,

before the Honorable Louis L. Stanton, Judge of the United States District Court for

the Southern District of New York, at the United States District Courthouse, located at

500 Pearl Street, New York, New York 10007, at a time and place to be scheduled by

this Court, for an order pursuant to 28 U.S.C. § 1447(c), remanding this action to the

Supreme Court of the State of New York, New York County, and awarding reasonable

attorneys' fees related to this motion and the pre-motion letter.

Dated: July 27, 2023

POLLOCK COHEN LLP

By: /s/ *Adam Pollock*
Adam Pollock
Max Rodriguez
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
Adam@PollockCohen.com
Max@PollockCohen.com

*Counsel for Plaintiff-Relator*
*Christopher Deubert*